UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SILICON HILLS CAMPUS, LLC, § | |
| § | |
| Appellant, § | |
| § | 1:20-CV-1201-RP |
| v. § | |
| § | |
| TUEBOR REIT SUB, LLC and, § | |
| ATX DEBT FUND 1, LLC, as successor § | |
| in interest to Tuebor REIT Sub LLC, § | |
| § | |
| Appellees. § | |

## ORDER

Before the Court are Appellant Silicon Hills Campus, LLC's ("Appellant") Motion for Stay Pending Appeal ("Motion to Stay"), (Dkt. 6), and Motion to Expedite Consideration of Appellant's Motion for Stay Pending Appeal ("Motion to Expedite"), (Dkt. 7), Appellee ATX Debt Fund 1, LLC's ("Appellee") response, (Dkt. 8), and Appellant's reply, (Dkt. 11). Having considered the parties' briefing, the record in this appeal, and the relevant law, this Court will deny Appellant's Motion to Stay and deny in part and grant in part Appellant's Motion to Expedite.

## I. BACKGROUND

Appellant is the owner of the former 3M campus in Austin, consisting of a 1.2 million square foot building, power plant, and other real estate in western Travis County (the "Property"). (Mot. Stay, Dkt. 6, at 2). Appellant filed its Voluntary Petition for Relief under Chapter 11 on January 7, 2020. (*Id.*). On November 24, 2020, the Bankruptcy Court for the Western District of Texas considered Appellee's Amended Motion for Relief from the Automatic Stay and lifted the stay to allow Appellee to proceed with its state law remedies against the Property, including foreclosure. (*Id.* at 2) (Order Lifting Stay, Dkt. 6, at 8–9).

Appellant filed its Notice of Appeal on December 7, 2020. (Notice of Appeal, Dkt. 1). Appellant states that this is an appeal from the United States Bankruptcy Court's Order lifting the stay. (Mot. Stay, Dkt. 6, at 1). Appellant seeks a stay through June 30, 2021, during which it intends to either sell its property or refinance the debt to Appellee and set an "end date" for its proposed Plan of Reorganization. (*Id.*).

On December 11, 2020, Appellant filed a Motion for Stay Pending Appeal in the Bankruptcy Court. (*Id.* at 2). The Bankruptcy Court denied it on December 23, 2020. (Order Denying Stay Pending Appeal, Dkt. 6, at 11–12). On February 4, 2021, Appellant received a foreclosure notice from Appellee, setting a foreclosure sale for March 2, 2021. (Foreclosure Notice, Dkt. 6, at 14–27). Appellant filed the instant Motion to Stay and its Motion to Expedite on February 11, 2021.[1] (Mot. Stay, Dkt. 6). Appellee filed a response on February 17, 2021. (Dkt. 8). Appellant filed its reply on February 24, 2021. (Dkt. 11).

## II. LEGAL STANDARD

This Court has discretion to grant or deny a motion for stay pending appeal. *See Arnold v. Garlock*, 278 F.3d 426, 438–39 (5th Cir. 2001). The Court considers four factors when deciding whether to issue such a stay: (1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties in the proceeding; and (4) where the public interest lies. *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013); *Zehr v. Osherow*, No. 5:18-CV-355-DAE, 2019 WL 266973, at *2 (W.D. Tex. Jan. 17, 2019) ("To prevail, the movant must show: (1) a likelihood of success on the merits; (2) an irreparable injury if the stay is not granted; (3) that the stay will not substantially harm the other

---

[1] Appellant seeks expedited consideration of its Motion to Stay because a foreclosure sale of the Property is scheduled for March 2, 2021.

parties; and (4) that the stay will serve the public interest."). None of these factors favors granting a stay here.

### III. DISCUSSION

The Court starts its inquiry by assessing whether Appellant has met the standard for showing a likelihood of success on the merits. "[T]he movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *In re First South Savings Ass'n*, 820 F.2d at 709 n.10 (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)).

The Bankruptcy Court, in deciding whether to lift the automatic stay in the underlying bankruptcy proceeding, conducted a two-day evidentiary hearing on November 6, 2020 and November 12, 2020. (Resp., Dkt. 8, at 4). The Bankruptcy Court heard testimony from Appellant's representatives about Appellant's leasing prospects and refinancing efforts and from each side's expert witness regarding the value of the Property. (*Id.*). The Court then issued an oral ruling on November 24, 2020. (Transcript, Dkt. 8-1).

After filing its Notice of Appeal, Appellant filed a motion to stay pending appeal in the Bankruptcy Court, seeking the same stay as here—a stay through June 30, 2021. Using the same factors as this Court, the Bankruptcy Court denied the stay, finding, in part:

> First, there is no likelihood of success on the merits. The bankruptcy judge made two purely factual findings, holding there was no equity in the property and there was no reasonable prospect of reorganization within a reasonable time, and did so after weighing the credibility of both expert and fact witnesses. These findings relate to a core matter and are very unlikely to be disturbed under a clearly erroneous review.

(Order Denying Stay Pending Appeal, Dkt. 6, at 12).

Appellant largely premises its arguments on the propriety of the Bankruptcy Court's findings. Appellant argues that the Bankruptcy Court abused its discretion "given the evidence

submitted" and that it "applied an incorrect valuation standard." (Mot. Stay, Dkt. 6, at 3). Appellant then incorporates the arguments it made before the Bankruptcy Court and highlights that the "tax value for the property exceeds the outstanding debt by approximately $20,000,000, demonstrating a clear and significant equity cushion." (*Id.*).

This Court reviews the Bankruptcy Court's findings for clear error. Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court judge to judge the credibility of the witnesses."); *see also Zehr*, 2019 WL 266973, at *5 (reviewing bankruptcy court's findings for clear error on a motion to stay). The clearly erroneous standard is "significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Because "appellate courts cannot evaluate the demeanor and candor of witnesses[,]" and a bankruptcy court's findings of fact are "based primarily on an evaluation of the credibility and demeanor of witnesses[,]" such findings of fact are "highly unlikely to be reversed on appeal as 'clearly erroneous.'" *In re Burkett*, 279 B.R. 816, 817 (Bankr. W.D. Tex. 2002). Having reviewed the Bankruptcy Court's factual findings, including its credibility determinations, for clear error, this Court finds none. (*See, e.g.*, Transcript, Dkt. 8-1, at 4–5) ("[I]t's very hard to believe that the [Property] increased in value from 80 million in February of 2018 to over 200 million in 2020" and making credibility determinations regarding Appellant's expert).

In the bankruptcy context, however, property valuation is a "mixed question of law and fact, the factual premises being subject to a review on the clearly erroneous standard, and the legal conclusion being subject to de novo review." *In re Stembridge*, 394 F.3d 383, 385 (5th Cir. 2004). In its reply, Appellant contends the issues on appeal include "whether the [Bankruptcy] Court applied the proper standards for the valuation determination, whether the [Bankruptcy] Court made consistent

rulings determining the valuation determination, and whether the [Bankruptcy] Court's determination that there was no likelihood of a successful reorganization was supported by any evidence given there was not controverting testimony to that presented by Appellant." (Reply, Dkt. 11, at 3). Based on the record currently before this Court, there is no evidence that the Bankruptcy Court applied an incorrect legal standard, made inconsistent rulings, or ignored evidence. To the contrary, the Bankruptcy Court considered evidence and testimony from both sides, weighed the evidence and credibility of witnesses, and determined that Appellant lacked equity in the property and that Appellant had not carried its burden of establishing a reasonable prospect of a reorganization within a reasonable time. (Transcript, Dkt. 8-1, at 4–11). Without more, Appellant has failed to demonstrate a likelihood of success on the merits.

Next, the Court evaluates whether Appellant will suffer irreparable harm. Appellant argues that the loss of real property is irreparable harm as a matter of law. (Mot. Stay, Dkt. 11, at 3). Appellant's argument is imprecise. Unlike the loss of a home, Texas courts have been less likely to categorize the loss of commercial property as irreparable. "In other words, the question before the Court is whether any loss the Defendant might sustain from a wrongful foreclosure could not be undone through monetary remedies." *First Sec. Bank v. W & W Farms, Inc.*, No. 2:19-CV-91-Z, 2020 WL 570814, at *11 (N.D. Tex. Feb. 4, 2020) (commercial foreclosure) (citing *Hunt v. Banks Trust Co.*, 646 F. Supp. 59, 62 (N.D. Tex. 1986)). Appellant has not argued that monetary damages would fall short in some way. The Bankruptcy Court, however, noted the "uniqueness" of the Property, which was built "in the 1980s for a single tenant with partial research and development use." (Transcript, Dkt. 8-1, at 5). Perhaps the uniqueness of the Property undercuts the sufficiency of monetary damages, but the parties did not provide this Court with briefing on that issue. Finally, as Appellee points out, Travis County has barred foreclosure sales through April 21, 2021, allowing Appellant additional time before any foreclosure sale would occur and diminishing any imminent harm. Travis

County, Order by the County Judge of Travis County, at 5 (Feb. 16, 2021), https://www.traviscountytx.gov/images/docs/200314-gathering-order.pdf; (Resp., Dkt. 8, at 11). The Court will consider this factor to be neutral.

Third, the Court considers whether Appellee will suffer substantial harm if the Court enters a stay. The Bankruptcy Court found that granting a stay would harm Appellee because Appellee "has not received interest or debt payments since August 2019." (Order Denying Stay Pending Appeal, Dkt. 6, at 12). Appellee explains that interest and fees continue to accrue and "Appellant has not made any debt service payments for 18 months, frustrating Appellee's right to bargained-for remedies in the face of an underwater property, and collateral that is continuing to deteriorate." (Resp., Dkt. 8, at 12). Appellant counters that "Appellee knew [what] it was getting into." (Reply, Dkt. 11, at 4). Appellant also argues that allowing it to proceed would "create the ability to pay the unsecured creditors in this case" and that Appellee would foreclose in a "better market environment" in June 2021 than in a "mid-pandemic fire sale." (Mot. Stay, Dkt. 6, at 4). Appellant's arguments are speculative. The Bankruptcy Court found that there "is no objective basis to think that [buyers] will appear in the first or second quarter" of 2021. (Transcript, Dkt. 8-1, at 11). Additionally, Appellant offers no evidence or support for the notion that the market will be improved in June 2021 or that pandemic conditions will have improved. Appellant has thus failed to show that no other party will suffer substantial harm.

Finally, the Court evaluates whether a stay is in the public interest. Appellant initially states in its Motion to Stay that there "does not appear to be any real public interest involved in this case." (Mot. Stay, Dkt. 6, at 4). In its response, Appellee argues that efficient administration of this proceeding weighs against a stay pending appeal. (Resp., Dkt. 8, at 12). Changing course in its reply, Appellant for the first time argues that "breathing space" would serve the public interest. (Reply,

Dkt. 11, at 4). Like the Bankruptcy Court, this Court finds that the "public interest is not implicated by either possible outcome of this motion." (*Id.*).

Appellant therefore has not satisfied its burden of showing (1) likelihood of success on the merits, (2) irreparable injury, (3) that the stay will not substantially harm Appellee, or (4) that the stay will serve the public interest. Therefore, a stay is not warranted.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Appellant's Motion for Stay Pending Appeal, (Dkt. 6), is **DENIED**.

**IT IS FURTHER ORDERED** that Appellant's Motion for Expedited Consideration of Appellant's Motion for Stay Pending Appeal is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** Appellant expedited review and **DENIES** Appellant's request for a hearing.

**SIGNED** on March 1, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE